Citation Nr: 1450456 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 10-05 079 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for hypertension, to include as secondary to service-connected diabetes mellitus. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

L. A. Rein, Counsel


INTRODUCTION

The Veteran had active service from January 1969 to October 1970.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) and Insurance Center in Philadelphia, Pennsylvania. Jurisdiction of this matter is with the RO in Montgomery, Alabama.


REMAND

In November 2007, the Veteran submitted a claim for service connection for "diabetic hypertension." In April 2007 and in December 2013, a VA examination and opinion was obtained addressing the theory of service connection for hypertension, claimed as secondary to service-connected diabetes mellitus. However, no opinion was obtained from either VA examiner that addressed the theory of direct service connection. The Veteran submitted a January 2010 statement from his private physician, C.C. Rowe, M.D., in which Dr. Rowe opined that it was as likely as not that the Veteran's hypertension was caused or aggravated by service. While the private physician provided a favorable nexus between the Veteran's hypertension and service, that opinion lacks specificity or rationale to support a decision on the merits. Thus, on remand, the private physician should be afforded an opportunity to provide a rationale for the opinion. Savage v. Shinseki, 24 Vet. App. 259 (2011) (clarification from a private medical examiner must be sought when an examination report is unclear or insufficient and the missing information is relevant, factual, and objective). Also, the Board finds that the Veteran should be provided an additional VA examination that addresses the nature and etiology of his diagnosed hypertension.

Accordingly, the case is REMANDED for the following actions:

1. Send the Veteran and representative a letter requesting that the Veteran submit authorization for VA to contact and request that Dr. Rowe provide a rationale for the opinion provided in the January 2010 letter and the records relied upon in making the opinion. If, in the alternative, the Veteran wants to obtain a clarifying opinion from Dr. Rowe and submit the additional opinion, he may do so. 

2. Then, schedule the Veteran for a VA examination to determine the nature and etiology of hypertension. The examiner must review the claims folder and should note that review in the report. The rationale for all opinions should be provided. Specifically, the examiner should state whether it is at least as likely as not (50 percent or greater probability) that the Veteran's hypertension was incurred or aggravated by his active service. The examiner should discuss the January 2010 opinion from Dr. Rowe and any subsequent clarifying opinion from Dr. Rowe. If the examiner determines that there is another etiology for the hypertension, that should be stated.

3. Then, readjudicate the claims. If any decision is adverse to the Veteran, issue a supplemental statement of the case and allow the applicable time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).


_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).